UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LANCE CONWAY WOOD,

        Plaintiff,

        v.

OREGON DEPARTMENT OF CORRECTIONS; J. MILLS; NICHOLE BROWN; GREG CLARK; LARRY BENNETT,

        Defendants.

Case No. 2:14-cv-00102-MK

OPINION AND ORDER

KASUBHAI, Magistrate Judge:

Plaintiff is a Utah state prisoner housed at Eastern Oregon Correctional Institutional (EOCI) pursuant to the Interstate Corrections Compact. Plaintiff filed suit in January 2014 and alleged that Oregon Department of Corrections (ODOC) officials denied him access to the courts, improperly rejected or delayed his mail, and improperly limited visiting and marriage privileges. The court dismissed plaintiff's claims for failure to exhaust administrative remedies, and after plaintiff appealed, the Ninth Circuit affirmed in part and remanded the case as to one

claim. Defendants now move for summary judgment on plaintiff's remaining claim. For the following reasons, defendants' motion is granted.[1]

BACKGROUND

In 2012, plaintiff was housed in an Idaho correctional facility and preparing for trial in a lawsuit he had filed against Idaho correctional officials. Am. Compl. at 3 (ECF No. 5). At the time, Renee McKenzie – now Renee Wood (Ms. Wood) – worked at an Idaho law office as a paralegal, and she and plaintiff met in relation to plaintiff's litigation efforts. Ms. Wood offered to help plaintiff after the law office in which she worked declined to accept representation in his case. *Id.* at 3-4. The District Court for the District of Idaho (Idaho District Court) appointed Ms. Wood as plaintiff's volunteer legal assistant – not as his lawyer – to help plaintiff prepare for trial. Eventually, the Idaho District Court became troubled by Ms. Wood's tendency to overstep the boundaries of her role, particularly her attempts to circumvent prison security measures in order "to have unmonitored communication [with plaintiff] under the guise of legal communication." Defs.' Mot. Summ. J. at 5 (ECF No. 77) (quoting Memorandum Decision & Order at 13-14, *Wood v. Idaho Dep't Corr.*, Case No. 3:04-cv-99-BLW (D. Idaho April 8, 2013)). In February 2013, the Idaho District Court rescinded Ms. Wood's appointment as plaintiff's volunteer legal assistant. *Id.*

In June 2013, plaintiff was transferred to ODOC custody. At that time, ODOC officials learned that Idaho law enforcement authorities were investigating potential criminal charges against Ms. Wood based on her statements to Idaho correctional officials. *See* Arendell Decl. ¶ 20 (ECF No. 79). The investigation concerned whether Ms. Wood's misrepresented the nature of

---

[1] The parties have consented to jurisdiction and issuance of a final decision by a United States Magistrate Judge. (ECF No. 21)

2 — OPINION AND ORDER

her phone calls, visits, and correspondence with plaintiff as "legal" rather than "personal" in order to obtain unmonitored access to plaintiff. *Id.* ¶¶ 21-22.

On June 20, 2013, Ms. Wood applied for Basic Visitation status. ODOC denied her application due to the fact that Ms. Wood had called EOCI prior to plaintiff's transfer and asked about his status. *Id.* ¶¶ 16-18. ODOC officials were concerned because Ms. Wood possessed confidential housing information about an inmate that was not known to the public.

On September 2, 2013, Ms. Wood appealed the denial of Basic Visitation. Arendell Decl. ¶ 19. Her appeal was denied due to the pending criminal investigation in Idaho. *Id.* ¶ 20; *see also former* Or. Admin. R. 291-127-0230(3) ("A person who has a pending criminal charge(s) is ineligible to visit."). She was informed that her visitation request would be denied until she could show that the pending legal issues had been resolved. Arendell Decl. ¶ 23 & Exs. 6, 8.

On February 7, 2014, Ms. Wood provided ODOC with documentation establishing that she would not be charged with any crime in Idaho. One week later, on February 14, 2014, ODOC granted Ms. Wood Basic Visitation status. *Id.* ¶¶ 26-27.

On February 18, 2014, Ms. Wood informed ODOC that she had inadvertently checked the "Basic Visitation" box on the visitation application and instead sought Privileged Visitation status. *Id.* at ¶ 28. Ms. Wood was informed that she was approved for Basic Visitation rather than Privileged Visitation. *Id.* at ¶ 29.[2]

---

[2] Basic Visitation permitted an inmate and an "approved visitor…to see and talk with each other on a scheduled basis for a reasonable period of time with no physical contact." *See former* Or. Admin. R. 291-127-0210(2). Privileged Visitation was the same as Basic Visitation, with "limited physical contact, consisting of a brief embrace and kiss upon meeting and leaving, hand holding, and holding of children." *Id.* 291-127-0120(20).

On February 27, 2014, plaintiff received a misconduct report for alleged disciplinary rule violations of Distribution I and Racketeering. Arendell Decl. ¶ 30 & Ex. 11. The charges arose after Ms. Wood deposited several hundred dollars into the trust accounts of three ODOC inmates at plaintiff's request. On March 4, 2014, a Hearings Officer found plaintiff guilty of violating ODOC Rule 4.10, Distribution I. *Id.* ¶ 31 & Ex. 12.

On September 15, 2014, Ms. Wood appealed her Basic Visitation status and sought Privileged Visitation. *Id.* ¶ 32. On October 2, 2014, Ms. Wood's request was denied due to her involvement in plaintiff's rule violation. *Id.* ¶¶ 33-34. Ms. Wood and plaintiff were informed that her visitation status would be eligible for review on February 14, 2015, after one year of Basic Visitation status.

On February 14, 2015, Ms. Wood's visitation status was reviewed, and she was granted Privileged Visitation status. *Id.* ¶ 36; Miles Decl. ¶ 4 (ECF No. 78).

## DISCUSSION

Plaintiff alleges that defendants denied Ms. Wood visiting privileges in retaliation for plaintiff's lawsuits against Idaho correctional officials and his complaints, grievances, and legal claims against ODOC officials.[3] Plaintiff seeks an injunction requiring ODOC to grant Ms. Wood Privileged Visitation status, as well as compensatory and punitive damages.

---

[3] Plaintiff's Amended Complaint did not make clear that he alleged a First Amendment retaliation claim as opposed to a First Amendment free association claim, and this distinction has not been addressed. In his response to defendants' motion, plaintiff repeatedly asserts that his visitation claim is based on retaliation – that defendants denied Ms. Wood visiting privileges in retaliation for plaintiff's complaints and lawsuits. Pl.'s Resp. to Defs.' Mot. Summ. J. at 6-7, 9 (ECF No. 103). Accordingly, plaintiff has waived any other claim associated with the denial of visitation rights.

4 — OPINION AND ORDER

Defendants move for summary judgment on the following grounds: 1) ODOC is immune from suit for damages in federal court; 2) defendants did not violate plaintiff's constitutional rights when they delayed or limited Ms. Wood's visitation status; 3) defendants are entitled to qualified immunity from damages; and 4) plaintiff's claim for injunctive relief is moot. To prevail on their motions for summary judgment, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

As an initial matter, I agree that plaintiff's claim for injunctive relief is moot. On February 14, 2015, ODOC granted Ms. Wood Privileged Visitation status, and she has been an approved, privileged visitor for more than four years. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (explaining that a case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome") (citation omitted). Thus, plaintiff has obtained the injunctive relief he seeks, and the issue is moot.

Next, ODOC is not a "person" subject to suit under 42 U.S.C. §1983, and as an instrumentality of the State, it is immune from suit for damages in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

Further, plaintiff cannot sustain a First Amendment retaliation claim against the individual defendants. To establish this claim, plaintiff must prove the following elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

5 — OPINION AND ORDER

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Even if plaintiff could establish the other four elements, the undisputed facts of record show that defendants' delay in granting Ms. Wood visitation privileges advanced legitimate correction goals.[4]

Defendants assert that they did not immediately grant Ms. Wood Basic Visitation rights because she faced potential criminal charges arising from her alleged misrepresentations to Idaho corrections officials. Arendell Decl. ¶ 22. Plaintiff does not dispute that Ms. Wood was the subject of an Idaho criminal investigation based on her communications and visits with plaintiff. In these circumstances, the delay in granting Ms. Wood Basic Visitation privileges was reasonably related to legitimate correctional goals, particularly when the investigation of Ms. Wood involved her previous visitation with plaintiff at a correctional facility. ODOC eventually granted Ms. Wood Basic Visitation status within a week after she informed officials that no charges would be filed against her, thus refuting plaintiff's assertion that the delay was unrelated to the pending criminal investigation.

Defendants further assert that they delayed granting Ms. Wood Privileged Visitation status because of her involvement with plaintiff's violation of prison rules. *Id.* ¶ 34. Again, plaintiff does not dispute his violation or Ms. Wood's involvement in it. Given Ms. Wood's history of overstepping boundaries in Idaho and her participation in plaintiff's violation of

---

[4] Defendants also argue that issue preclusion bars plaintiff's retaliation claim, because this Court found, in a separate case brought by Ms. Wood, that "the limits that ODOC's staff placed on [Ms. Wood's] visitation were reasonably related to legitimate penological objectives." Findings & Recommendation at 4-5, *McKenzie v. Or. Dep't Corr.*, Case No. 2:14-cv-00316-TC (D. Or. Dec. 9, 2015), *adopted in full* (D. Or. Mar. 24, 2016). Defendants move to file a First Amended Answer to raise the affirmative defense of issue preclusion, as they could not have raised this defense when the case initially was filed in 2014 or when it was on appeal. Defendants' motion is granted, even though I find that plaintiff fails to establish the elements of retaliation regardless of issue preclusion.

6 — OPINION AND ORDER

ODOC prison rules, the delay in granting Privileged Visitation status for several months advanced legitimate penological interests. *See, e.g., Block v. Rutherford*, 468 U.S. 576, 586 (1984) ("That there is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion.").

Finally, I agree that defendants are entitled to qualified immunity from damages. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly,* 137 S. Ct. 548, 551 (2017) (per curiam). The Supreme Court has emphasized that the asserted right "must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards,* 566 U.S. 658, 664 (2012) (brackets and internal quotation marks omitted). The Supreme Court has also admonished lower courts that "the clearly established right must be defined with specificity." *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (per curiam); *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) (noting that the Court has "'repeatedly told courts – and the Ninth Circuit in particular – not to define clearly established law at a high level of generality.'") (citations omitted).

Based on the circumstances presented, no reasonable prison official would have known that limiting the visitation status of Ms. Wood – after she was admonished by a federal district judge for creating "a serious security risk" at an Idaho prison and after she participated in plaintiff's commission of an ODOC rules violation – violated plaintiff's clearly established First Amendment rights. Memorandum Decision & Order at 11, *Wood v. Idaho Dep't Corr.*, Case No. 3:04-cv-99-BLW (D. Idaho April 8, 2013); Arendell Decl. ¶ 31 & Ex. 12. Accordingly, defendants are entitled to qualified immunity from damages.

## CONCLUSION

Defendant's Motions for Summary Judgment and for Leave to File First Amended Answer (ECF Nos. 77, 105) are GRANTED, and plaintiff's Motion for Evidentiary Hearing (ECF No. 100) is DENIED as unnecessary. This case is DISMISSED.

IT IS SO ORDERED.

DATED this 17th day of September 2019.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge